<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-194**

In Re:  RONALD EVANS, a/k/a Freak, a/k/a Man-Man,

      Movant.

On Motion for Authorization to File Successive Application.
(2:92-cr-00163-5)

Argued:  September 21, 2011      Decided:  October 6, 2011

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

Motion granted by unpublished per curiam opinion.

**ARGUED:**  Bryan  A.  Stevenson,  EQUAL  JUSTICE  INITIATIVE, Montgomery,  Alabama,  for  Ronald  Evans.   Richard  D.  Cooke, Assistant  United  States  Attorney,  OFFICE  OF  THE  UNITED  STATES ATTORNEY, Richmond, Virginia, for the United States.  **ON BRIEF:** Matthew  W.  Greene,  GREENE  LAW  GROUP  PLLC,  Springfield,  Virginia; Benjamin  W.  Maxymuk,  EQUAL  JUSTICE  INITIATIVE,  Montgomery, Alabama,  for  Ronald  Evans.   Neil  H.  MacBride,  United  States Attorney, Alexandria, Virginia, for the United States.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury convicted Ronald Evans of six narcotics crimes committed as a juvenile and a criminal conspiracy that extended for some time after his eighteenth birthday, a judge sentenced him to life imprisonment without the possibility of parole. Now, relying on Graham v. Florida, 130 S. Ct. 2011 (2010), Evans moves for authorization to file a successive habeas application. See 28 U.S.C. § 2255(h)(2). At oral argument, the Government properly acknowledged that in the appropriate case Graham establishes a previously unavailable rule of constitutional law that applies retroactively on collateral review. See 28 U.S.C. § 2244(b)(3)(C), (2)(A). The Government, however, contends that this is not such a case. Because Evans has made a "prima facie showing" that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," id., we grant his motion for authorization to file a successive habeas application. We of course do not suggest any view on the ultimate merits of Evans' claim.

MOTION GRANTED